IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOTAL STEEL ERECTORS, INC., and COLLINSVILLE COMMUNITY UNIT SCHOOL DISTRICT #10, for the Use and Benefit of Total Steel Erectors, Inc., <br><br> Plaintiffs, <br><br>vs. <br><br>MORRISSEY CONSTRUCTION COMPANY and FIDELITY & DEPOSIT COMPANY OF MARYLAND, <br><br> Defendants. | CIVIL NO. 04-470-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on Defendants' motion for reconsideration of this Court's entry of an automatic stay of this action.[1]  Defendants argue that the Court should not have stayed this action after Plaintiff Total Steel Erectors, Inc., filed a Suggestion of Bankruptcy because (1) the bankruptcy was filed by Plaintiff's registered agent rather than the corporation itself and (2) an

---

[1] Courts have noted that "there is no pleading called a 'motion to reconsider' in the Federal Rules of Civil Procedure, though [courts] generally construe such requests as being brought under Rule 59(e) or Rule 60(b)." *Walker v. Abbott Labs.*, 340 F.3d 471, 475 n.2 (7th Cir. 2003).  Despite Defendants' citation to Rule 60(b), because they filed their motion within 10 days after entry of the stay, this Court must consider their motion under the more lenient standard of Rule 59(e). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001) (where motion is filed within 10 days after entry of order, the law of this circuit requires that motion be characterized as a motion to reconsider pursuant to Rule 59(e)).  Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *Id*.

automatic stay is not appropriate where the debtor is a plaintiff in an action.

The Court rejects Defendants' first contention. The notice of bankruptcy shows the debtors to be as follows: (1) "Dale Ray Durbin, fdba Total Steel Erectors, Inc., fdba Total Construction Enterprise, Inc." and (2) "Amanda Diane Durbin, fdba Total Steel Erectors, Inc., fdba Total Construction Enterprise, Inc." (Doc. 39, p. 2).

Defendants are correct, however, in their second contention. As a general rule, the automatic stay provision of 11 U.S.C. § 362 applies only to actions against the debtor or to seizures of property of the debtor. *Martin-Trigona v. Champion Fed. Savs. & Loan Ass'n*, 892 F.2d 575, 577-78 (7th Cir. 1989). In limited circumstances, however, a claim by a debtor may be subject to the automatic stay provision where such a claim "is intimately connected to events within the control of the bankruptcy court." *See National Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 708 (7th Cir. 1994). The Court has carefully reviewed the complaint and finds nothing to suggest that this exception applies in this case. Plaintiff's allegations in the complaint are straightforward: Plaintiff claims that it was a subcontractor on a school construction project for which Defendant Morrissey Construction Company was a general contractor and Defendant Fidelity & Deposit Company of Maryland was a corporate surety, and Defendants owe Plaintiff a balance of $78,199.72 (Doc. 1). Moreover, Plaintiff has not responded to Defendants' motion to reconsider and, therefore, has provided nothing to convince this Court that its claims should be handled by the bankruptcy court.

Because the dispute involved in this action is brought *by*, and is not *against*, the debtor in bankruptcy, it falls outside the automatic stay provision of § 362. The stay entered on the docket on April 11, 2005, was erroneous. Accordingly, Defendants' motion to reconsider (Doc. 41) is **GRANTED**, and the stay is **LIFTED**.

Plaintiff is granted up to and including June 30, 2005, to obtain new counsel and for counsel to appear in this action. Plaintiff is **CAUTIONED** that its failure to file an appearance, via counsel,[2] on or before June 30, 2005, will result in dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to Total Steel Erectors, Inc., c/o Amanda Durbin, 100 Shelby 300, Clarence, MO 63437.

Finally, the Court notes that Defendants filed a motion to dismiss under Rule 12, which was denied, but thereafter, they never filed an answer to the complaint because the case was stayed for reasons other than bankruptcy and deadlines were suspended (*see* Doc. 21). Defendants are **ORDERED** to file their answer to the complaint 20 days after Plaintiff's counsel files an appearance.

**IT IS SO ORDERED.**

DATED:  05/31/05

> s/ G. Patrick Murphy
> G. PATRICK MURPHY
> Chief United States District Judge

---

[2]Although it appears from the bankruptcy filing that Total Steel Erectors, Inc., no longer is doing business, it filed this action as a corporation, and a corporation cannot appear *pro se*.